**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**CALVIN BROOKS , #378637,**

        **Plaintiff,**

                                         **CASE NO. 2:06-CV-12687**
**v.**                                     **HONORABLE DENISE PAGE HOOD**

**HURON VALLEY MEN'S PRISON,**

        **Defendant.**

_____/

**OPINION AND ORDER SUMMARILY DISMISSING COMPLAINT**
**AND DENYING MOTION FOR APPOINTMENT OF COUNSEL**

I.     Introduction

Before the Court is Plaintiff Calvin Brooks' *pro se* civil rights complaint filed pursuant to

42 U.S.C. § 1983, as well as his motion for appointment of counsel. Plaintiff is a state prisoner

currently confined at the Gus Harrison Correctional Facility in Adrian, Michigan. The events

giving rise to the complaint occurred while Plaintiff was confined at the Huron Valley Men's

Facility in Ypsilanti, Michigan. Plaintiff has paid the filing fee for this action. In his complaint,

Plaintiff challenges a 2004 prison disciplinary decision finding him guilty of sexual misconduct,

which resulted in a 15-day loss of privileges. Plaintiff names the Huron Valley Men's Facility as

the sole defendant in this action and seeks monetary damages. For the reasons set forth below,

the Court concludes that the complaint should be summarily dismissed and that the motion for

appointment of counsel should be denied.

II.    Discussion

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua*

*sponte* dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

This Court is aware that a *pro se* complaint should be held to a "less stringent standard" than one drafted by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even a *pro se* complaint, however, must plead facts sufficient to show a legal wrong has been committed for which the plaintiff may be granted relief. To state a federal civil rights claim, a plaintiff must show that: (1) the defendant is a person who acted under color of state or federal law, and (2) the defendant's conduct deprived the plaintiff of a federal right, privilege, or immunity. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). Despite the liberal pleading standard accorded *pro se* plaintiffs, the Court finds that the complaint is subject to summary dismissal.

Plaintiff has failed to sue a proper defendant in this action. He only names the Huron Valley Men's Facility as a defendant. The Huron Valley Men's Facility is an institution operated by the Michigan Department of Corrections and is not a "person" or legal entity subject to suit under § 1983. *See Heggenmiller v. Edna Mahan Corr. Inst. for Women*, No. 04-1786, 2005 WL 826070, *1 n. 2 (3rd Cir. April 11, 2005); *Atkinson v. Hurley*, No.C-2-02-670, 2002 WL 31412441, *1 (S.D. Ohio Sept. 30, 2002) (citing *Foulks v. Ohio Dep't. of Rehab. & Corr.*, 713 F.2d 1229, 1232 (6th Cir. 1983)); *see also Taylor v. Doe*, No. C.A. 9:01-4118-25BG, 2002 WL 31996020, 6 (D.S.C. July 31, 2002) (a building is not a "person" subject to suit under § 1983). Thus, Plaintiff's complaint against the Huron Valley Men's Facility is frivolous and must

2

be dismissed.

The Court is aware that Plaintiff identifies some prison officials by name in the body of his complaint.  Plaintiff, however, has not named those individuals or any others as defendants in this action.  The Court cannot do so for him, particularly since a prisoner plaintiff must exhaust administrative remedies as to each issue and each defendant named in a civil rights complaint.  *See Porter v. Nussle*, 534 U.S. 516, 524, 532 (2002); *Jones Bey v. Johnson*, 407 F.3d 801, 807 (6th Cir. 2005) (total exhaustion rule).  The record before this Court does not indicate that Plaintiff has fully exhausted his administrative remedies.  Because Plaintiff has failed to name as defendants the individuals whom he believes caused his injury, his complaint is subject to dismissal.  *See, e.g., Lopez v. Smith*, No. 97-16987, slip op. 12845, 12855 (9th Cir. Nov. 9, 1998).

III.    Conclusion

For the reasons stated, the Court concludes that the complaint is frivolous and fails to state a claim upon which relief may be granted.  Accordingly, the Court **DISMISSES** Plaintiff's complaint.  This dismissal is without prejudice to Plaintiff filing a complaint arising from the same facts naming proper defendants upon complete exhaustion of administrative remedies.  Given this determination, the Court **DENIES** Plaintiff's motion for appointment of counsel.  Lastly, the Court concludes that an appeal from this order would be frivolous and therefore cannot be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**IT IS SO ORDERED.**

 __/s/ Denise Page Hood_____
DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE

DATED:  August 21, 2006

3

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 21, 2006, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager